```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DONOVAN ANDERSON,

                    Plaintiff,
                                            MEMORANDUM AND ORDER
          - against -
                                             10 Civ. 9338 (NRB)
DAVIS POLK & WARDWELL LLP, LAWRENCE
JACOBS, individually and as
Managing Attorney, JENNIFER
CANDELARIO, individually and as
Assistant Managing Attorney, LAMINA
VUCETOVIC, individually and as
Managing Clerk, ROBERT JONES, DUANE
GRANT, EMMANUEL FASHAKIN, and 1-100
unknown employees of DPW, in both
their individual and official
capacities,

                    Defendants.

----------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

### I. Introduction

On December 15, 2010, plaintiff Donovan Anderson ("plaintiff") commenced this action against his former employer, Davis Polk & Wardwell LLP ("DPW"), and several of his former supervisors and colleagues (collectively, "defendants"). Plaintiff filed an amended complaint on April 13, 2011. On May 25, 2011, defendants moved to dismiss the majority of plaintiff's claims and to strike from his amended complaint certain immaterial, impertinent, and scandalous allegations. On

March 5, 2012, we granted defendants' motions in part and denied them in part. Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d 392 (S.D.N.Y. 2012). Following our decision, the only claims that remained were "plaintiff's claims of sexual harassment . . . brought against DPW, [Jennifer] Candelario, [Robert] Jones, and [Duane] Grant and [which] relate to the specific incidents of which plaintiff ha[d] complained occurring from 2004 onwards regarding Jones and otherwise in 2008 and 2009." Id. at 406.

On March 22, 2012, defendants filed their answer to plaintiff's amended complaint. The parties subsequently commenced discovery. Asen Decl. (Dec. 18, 2012) ¶ 5. Defendants deposed plaintiff on September 10, 2012, but plaintiff did not conduct any depositions. Id.

On December 18, 2012, defendants moved for summary judgment on plaintiff's remaining claims. Pursuant to an endorsement dated December 5, 2012, plaintiff's opposition was due by January 22, 2013. On January 22, 2013, the parties executed a stipulation, so ordered by the Court on January 25, which extended plaintiff's deadline for responding to defendants' motion to February 5, 2013. Plaintiff did not file an opposition by that date, and on February 13, 2013, defendants requested by letter that we set a final deadline for plaintiff's opposition. On February 15, 2013, we endorsed defendants'

letter as follows: "Plaintiff is hereby granted one <u>final</u> extension to respond to defendants' motion for summary judgment until February 28, 2013. No opposition papers will be accepted after that date. So Ordered." Plaintiff did not submit an opposition by February 28, and no opposition papers have been filed to date.

## II. Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriately granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When making this determination, "we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Donnelly v. Greenburgh Cent. Sch. Dist. No. 7</u>, 691 F.3d 134, 141 (2d Cir. 2012) (internal quotation marks omitted).

Plaintiff asserts sexual harassment claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, as amended ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290 <u>et seq.</u> (the "NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 <u>et seq.</u> (the "NYCHRL"). As we observed in our Memorandum and Order of March 5, 2012, individuals may not be held liable under Title VII, <u>see</u> <u>Anderson</u>, 850 F. Supp. 2d at 403; <u>see also</u> <u>Wrighten v.</u>

Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam), and may be held liable under the NYSHRL and the NYCHRL only if they participated in discriminatory conduct, see Anderson, 850 F. Supp. 2d at 403 (citing Feingold v. New York, 366 F.3d 138, 157-59 (2d Cir. 2004)).

To state a sexual harassment claim under Title VII based on a hostile work environment, which is the only theory suggested by plaintiff's allegations, see id. at 403, plaintiff must show that the conduct at issue: "(1) 'is objectively severe or pervasive -- that is, . . . creates an environment that a reasonable person would find hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as hostile or abusive'; and (3) 'creates such an environment because of the plaintiff's sex.'" Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (alteration in original) (quoting Gregory v. Daly, 243 F.3d 687, 691-92 (2d Cir. 2001)). The same standard applies to hostile work environment claims under the NYSHRL. See Anderson, 850 F. Supp. 2d at 404 (citing Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d 112, 117 n.2 (2d Cir. 2010)).

The standard under the NYCHRL is broader, permitting claims based on "unwanted gender-based conduct." Id. (quoting Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 38 (1st Dep't 2009)) (internal quotation marks omitted). However, the NYCHRL is not

a "general civility code," and defendants will not be liable where "the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider 'petty slights and trivial inconveniences.'" Williams, 872 N.Y.S.2d at 40-41.  Claims under the NYCHRL are evaluated based on "the totality of the circumstances." McRedmond v. Sutton Place Rest. and Bar, Inc., 95 A.D.3d 671, 672 (1st Dep't 2012).

 Here, defendants have demonstrated that there is no genuine dispute of material fact and they are entitled to judgment as a matter of law.  Summary judgment is appropriate on plaintiff's Title VII and NYSHRL claims because a careful review of plaintiff's deposition testimony makes clear that the complained-of conduct was not objectively severe or pervasive and did not create an environment that plaintiff subjectively perceived as hostile or abusive.  See Anderson Dep. 84-87, 96-108, 113-27, 136-55, 200-01.  Defendants are entitled to summary judgment on plaintiff's NYCHRL claims because, considering the totality of the circumstances, the alleged conduct does not rise above the level of petty slights and trivial inconveniences. See id.  As discussed above, plaintiff has not argued to the contrary.  Accordingly, defendants have demonstrated that they are entitled to judgment as a matter of law.

## III. Conclusion

For the reasons stated above, defendants' motion for summary judgment on plaintiff's remaining claims is granted. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated:  New York, New York
        April 26, 2013

```
                              _____
                              NAOMI REICE BUCHWALD
                              UNITED STATES DISTRICT JUDGE
```

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

<u>Plaintiff:</u>
Donovan Anderson
751 St. Marks Avenue
Apt. D1
Brooklyn, NY 11216

<u>Counsel for Defendants:</u>
Barry L. Asen, Esq.
Anna Kolontyrsky, Esq.
Lauren A. Malanga, Esq.
Epstein, Becker & Green P.C.
250 Park Avenue
New York, NY 10177